UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD SANCHEZ,                              No. 2:09-cv-01186-MCE-GGH

      Plaintiff,

  v.                                         MEMORANDUM AND ORDER

INDYMAC BANK, FSB, et al.,

      Defendants.

----oo0oo----

Presently before the Court is a Motion to Dismiss filed by Defendants Windsor Capitol Mortgage Inc., Linda Temko, and Barbara Cuillo (collectively "Defendants"). For the following reasons, Defendants' Motion to Dismiss is granted in part and denied in part.[1]

///
///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**BACKGROUND**

On January 8, 2007, Plaintiff obtained through Defendant Windsor Capital a mortgage secured by his home. Plaintiff subsequently defaulted on his loan resulting in the filing of a Notice of Default and Notice of Trustee Sale.

Plaintiff alleges he was unable to afford the loan, despite reassurances from the moving Defendants to the contrary, because his net pay was less than $3500 per month and he had car payments totaling over $1100 monthly. Nevertheless, Defendants told Plaintiff he qualified for a loan of approximately $400,000. In response to Plaintiff's understandable surprise, Defendant Early, another Windsor Capital loan officer, allegedly told Plaintiff that "he only had to pay the loan for one year and then Defendant Early promised he would obtain refinancing to provide a more affordable loan." FAC, ¶ 20.

According to Plaintiff, Defendant Early then placed Plaintiff in a subprime loan, the terms of which he misrepresented. Plaintiff contends he relied on Defendant Early's promise to assist Plaintiff in later refinancing the mortgage when he agreed to the loan's terms. He further alleges, *inter alia*, "Defendant Windsor Capital regularly solicited unqualified borrowers and approved loans to unqualified borrowers, including the Plaintiff, in violation of applicable underwriting standards and in violation of standards of the industry for the sole purpose of earning fees to make such loans." Id., ¶ 24.

///

Accordingly, Plaintiff filed the instant action seeking relief for Defendants' alleged violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., Negligence, violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, et seq., Breach of Fiduciary Duty, Fraud, violations of California Business and Professions Code § 17200, Breach of Contract, and Breach of the Implied Covenant of Good Faith and Fair Dealing.

Defendant challenged Plaintiff's first, third, fifth, seventh, and eighth causes of action via this instant Motion to Dismiss. By way of his opposition, Plaintiff concedes the merits of Defendants' objections as to the first and third causes of action. Accordingly, Defendants' only remaining challenges are as to the fifth (Fraud), seventh (Breach of Contract), and eighth claims (Breach of the Implied Covenant of Good Faith and Fair Dealing).

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

1  While a complaint attacked by a Rule 12(b)(6) motion to dismiss
2  does not need detailed factual allegations, a plaintiff's
3  obligation to provide the "grounds" of his "entitlement to
4  relief" requires more than labels and conclusions, and a
5  formulaic recitation of the elements of a cause of action will
6  not do.  Id. at 1964-65 (internal citations and quotations
7  omitted).  Factual allegations must be enough to raise a right to
8  relief above the speculative level.  Id. at 1965 (citing 5 C.
9  Wright & A. Miller, Federal Practice and Procedure § 1216, pp.
10 235-36 (3d ed. 2004) ("The pleading must contain something
11 more...than...a statement of facts that merely creates a
12 suspicion [of] a legally cognizable right of action")).
13      A court granting a motion to dismiss a complaint must then
14 decide whether to grant leave to amend.  A court should "freely
15 give" leave to amend when there is no "undue delay, bad faith[,]
16 dilatory motive on the part of the movant,...undue prejudice to
17 the opposing party by virtue of...the amendment, [or] futility of
18 the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
19 U.S. 178, 182 (1962).  Generally, leave to amend is denied only
20 when it is clear the deficiencies of the complaint cannot be
21 cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
22 F.2d 655, 658 (9th Cir. 1992).
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

**1.   Plaintiff's Fifth Cause of Action: Fraud**

Defendant challenges Plaintiff's fifth claim on grounds that Plaintiff failed to allege any relevant misrepresentation on which Plaintiff relied to his detriment.  Additionally, Defendant contends Plaintiff failed to plead his fraud claim in conformity with the heightened requirements of Federal Rule of Civil Procedure 9(b).

Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud."  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted).  "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672.

Plaintiff has not met his pleading burden as to Defendants Linda Temko or Barbara Ciullo because he makes no specific allegations as to their conduct.  Nevertheless, Plaintiff has adequately alleged that Defendant Early was employed by and acting on behalf of Windsor Mortgage, and, while doing so, Mr. Early made numerous misrepresentations in order to induce Plaintiff to enter the underlying agreement.

///

///

Thus, in light of the lack of any meaningful opposition from Defendants, Plaintiff has sufficiently stated a claim for fraud against Windsor Capital. See Alhino v. Starr, 112 Cal. App. 3d 158, 174 (1st Dist. 1980) ("The employer's liability under the doctrine of *respondeat superior* extends to malicious acts and other intentional torts of an employee committed within the scope of his employment."). Accordingly, Defendant's Motion to Dismiss Plaintiff's fifth cause of action is granted with leave to amend as to Defendants Temko and Ciullo and is denied as to Defendant Windsor Capital.

**2.    Plaintiff's Seventh Cause of Action: Breach of Contract**

According to Defendant, Plaintiff's seventh claim should be dismissed because it is time-barred under the two-year statute of limitations codified in California Civil Code § 339. According to Defendants, Plaintiff consummated his loan in January of 2007, so his breach of contract claim was barred in January of 2009.

Plaintiff argues that no breach occurred until Defendants failed to refinance Plaintiff's existing loans into one with more affordable terms. Thus, Plaintiff contends the breach did not occur until January of 2008, such that his instant action was timely filed within the subsequent two years. As such, Plaintiff's entire argument is based on the promise Defendant Early allegedly made to Plaintiff to obtain future refinancing. That promise, as pled, simply does not rise to the level of a contract.

///

6

1  See Bustamante v. Intuit, Inc., 141 Cal. App. 4th 199, 209 (6th
2  Dist. 2006); see also Dillingham v. Dahlgren, 52 Cal. App. 322,
3  330 (1st Dist. 1921) ("An agreement that parties will, in the
4  future, make such contract as they may then agree upon amounts to
5  nothing."). Accordingly, Defendants' Motion to Dismiss is
6  granted with leave to amend.

7
8      **3.    Plaintiff's Eighth Causes of Action: Breach of Implied Covenant of Good Faith and Fair Dealing**
9

10    Finally, Defendant asserts Plaintiff's eighth claim must
11 fail as the underlying oral contract is time-barred. This Court
12 agrees. See Beck v. American Health Group Internat., Inc., 211
13 Cal. App. 3d 1555, 1563 (2d Dist. 1989).

14
15                               **CONCLUSION**
16

17    For the reasons stated, Defendants' Motion to Dismiss
18 (Docket No. 22) Plaintiff's Fifth Cause of Action is GRANTED with
19 leave to amend as to Defendants Temko and Cuillo and DENIED as to
20 Defendant Windsor Capital. Defendants' Motion to Dismiss
21 Plaintiff's Seventh and Eighth Causes of Action is GRANTED with
22 leave to amend.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

7

1  Plaintiff may (but is not required to) file an amended complaint,
2  not later than twenty (20) days after the date this Memorandum
3  and Order is filed electronically.  If no amended complaint is
4  filed within said twenty (20)-day period, without further notice,
5  the claims discussed above will be dismissed without leave to
6  amend.
7      IT IS SO ORDERED.
8  Dated: August 14, 2009

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE