UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DONALD SANCHEZ,                          No. 2:09-cv-01186-MCE-GGH

          Plaintiff,

     v.                                  MEMORANDUM AND ORDER

INDYMAC BANK, FSB; INDYMAC
FEDERAL BANK F.S.B. in its
separate capacity and as
successor to INDYMAC BANK;
WINDSOR CAPITAL MORTGAGE
CORPORATION dba NORTH POINT
LENDING & INVESTMENTS; LINDA
TEMPKO; BARBARA CUILLO; JEFF
B. MCGREGOR; RONNY EARLY;
FIRST PRIORITY FINANCIAL INC.,
dba North Point Lending &
Investments; DAVID MICHAEL
SOLDATI; and DOES 1-20
inclusive,

          Defendants.

                    ----oo0oo----

///

///

///

///

1

1    Presently before the Court is a Motion by Defendants First

2    Priority Financial, Inc. ("First Priority") and David Soldati

3    ("Soldati") (collectively "Defendants") to Dismiss the Second

4    Amended Complaint of Plaintiff Donald Sanchez ("Plaintiff") for

5    failure to state a claim upon which relief may be granted

6    pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the

7    reasons set forth below, Defendants' Motion is granted.

8

9                            **BACKGROUND**[2]

10

11    Though the present lawsuit arises out of a mortgage loan

12    transaction, the dispute between the parties is largely one of

13    identification.  Defendants argue that they have been mistakenly

14    named in this lawsuit due to Plaintiff's misreading of the public

15    records of California's Department of Real Estate ("DRE").  The

16    DRE website indicates that First Priority was at one time "doing

17    business as" ("dba") NorthPoint Lending & Investments.  However,

18    Defendants allege that the use of NorthPoint Lending &

19    Investments as a dba by First Priority ended on October 9, 2006,

20    a month before Plaintiff allegedly began considering entering his

21    mortgage loan at the urging of loan officer Ronny Early on

22    November 15, 2006.

23    Consequently, Defendants contend that they should not be

24    included in this suit.

25

26    [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.

27    Local Rule 78-230(h).

28    [2] The factual assertions in this section are based on the
     allegations in Plaintiff's Complaint unless otherwise specified.

1    **A.    The Mortgage Loan Transaction**

2

3        On November 15, 2006, Ronny Early represented to Plaintiff

4    that he was a loan officer for Windsor Capital Mortgage

5    Corporation ("Windsor Capital").  He told Plaintiff that he could

6    get him the "best deal" and the "best interest rates" available

7    on the market and that Plaintiff would pre-qualify for a loan in

8    the approximate amount of $400,000.00.  At the time, Plaintiff

9    was making $29.00 per hour and he provided to Early documentation

10   of his income. Plaintiff informed Early that he was surprised he

11   qualified for a loan of $400,000 when he already had two loan

12   payments totaling over $1100 per month and his take home pay was

13   less than $3500 per month.  Early told Plaintiff that he only had

14   to pay the loan for one year and then afterwards Early would

15   obtain refinancing for a more affordable loan.  In reliance on

16   such representations Plaintiff closed on the loan on January 8,

17   2007.  The terms were memorialized in two promissory notes

18   secured by two Deeds of Trust on the property.

19       On January 15, 2009 a Notice of Default on the loan was

20   filed.  On April 15, 2009 Plaintiff was sent a Notice of Trustee

21   Sale. Plaintiff now alleges several causes of action in connection

22   to his mortgage loan including: violation of the Truth in Lending

23   Act ("TILA"), negligence, violation of the Real Estate Settlement

24   Procedures Act ("RESPA"), breach of fiduciary duty, fraud, and

25   violation of California's Unfair Competition Law ("UCL").

26   ///

27   ///

28   ///

**B.   Defendant's Alleged Connection to the Transaction**

In discussing his mortgage loan to Early, Plaintiff received correspondence on letterhead which included both the business name of Early's employer "Windsor Capital" and a second name "NorthPoint Lending & Investments".  This letterhead indicated a single office location at 201 Sand Creek Road, Suite L, Brentwood, CA.

However, NorthPoint Lending & Investments is not listed with the DRE as a dba for Windsor Capitol.  Nor is Windsor Capital listed as having an office at address 201 Sand Creek Road Suite L, Brentwood, CA.

Plaintiff alleges that, instead, First Priority is listed by the DRE as having operated under the name of NorthPoint Lending & Investments with an office at 201 Sand Creek Road, Brentwood, CA. Plaintiff alleges Defendant David Soldati is licensed by the DRE as the broker for First Priority Financial dba NorthPoint Lending & Investments.

**C.   Posture**

Plaintiff concedes in his opposition that the motion to dismiss should be granted as to Soldati.  The Court will therefore focus only on the contested issues surrounding First Priority's connection to the loan.

///

///

///

4

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Id. at 1964-65 (internal citations and quotations omitted).  Factual allegations must be enough to raise a right to relief above the speculative level.  Id. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

///
///
///
///
///

"Rule 8(a)(2)...requires a 'showing,' rather than a blanket assertion of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  <u>Twombly</u>, 550 U.S. 556 n.3.  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." <u>Id</u>. at 570.  If the "plaintiffs...have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." <u>Id</u>.  Nevertheless, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" <u>Id</u>. at 556.

When a claim for fraud is raised, Federal Rule of Civil Procedure 9(b) provides that "a party must state with particularity the circumstances constituting fraud."  "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." <u>Neubronner v. Milken</u>, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations and citations omitted).  "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." <u>Id</u>. at 672.

///

///

///

///

1    A court granting a motion to dismiss a complaint must then
2  decide whether to grant leave to amend.  A court should "freely
3  give" leave to amend when there is no "undue delay, bad faith[,]
4  dilatory motive on the part of the movant,...undue prejudice to
5  the opposing party by virtue of...the amendment, [or] futility of
6  the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371
7  U.S. 178, 182 (1962).  Generally, leave to amend is denied only
8  when it is clear the deficiencies of the complaint cannot be
9  cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957
10 F.2d 655, 658 (9th Cir. 1992).

11
12                              **ANALYSIS**
13
14   The crux of parties' dispute rests on First Priority's use
15 of the fictitious business name "NorthPoint Lending &
16 Investments."
17   Plaintiff contends he received correspondence from his loan
18 officer that included the business name NorthPoint Lending &
19 Investments on the letterhead.  Upon searching the DRE website,
20 Plaintiff found First Priority was listed as using the same
21 fictitious name and having an office at the same address
22 indicated on the letterhead.  Based on this information,
23 Plaintiff included First Priority in this suit on the bare
24 premise that First Priority, as NorthPoint Lending & Investments,
25 participated in his mortgage loan transaction.
26 ///
27 ///
28 ///

To evidence his belief, Plaintiff's Complaint refers to an "Exhibit C" which he identifies as being a printout of the website's information page for First Priority.  This printout purportedly would have shown "NorthPoint Lending & Investments" as being a dba for First Priority.  However, Exhibit C does not reference First Priority, but instead provides information for a different business entity.[3]

Defendants respond to this discrepency by providing the printout of the DRE's information page for First Priority. Defendants' exhibit indeed reflects that First Priority had at one time registered the name "NorthPoint Lending & Investments." The DRE page also indicate that use of this name was active from "04/27/2006 TO 10/09/2006".

Although Plaintiff never references the registration dates in his Complaint, Defendants contend that the entirety of the DRE page should be considered "if the complaint refers to the document, it is central to Plaintiff's claims, and no party questions the authenticity of the copy."  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994).  The Court agrees with the Defendants.  The DRE document clearly indicates that the registered dba was active from "04/27/2006 TO 10/09/2006" and Plaintiff has not refuted this in any way.

///

///

///

///

_____

[3] Specifically, Exhibit C appears to be the DRE listing for Defendant Windsor Mortgage Corporation.

Even accepting the pleadings as true and construing them in a light most favorable to the Plaintiff, there is simply nothing in the Complaint that alleges in any way that First Priority was doing business as NorthPoint Lending & Investments at the time of Plaintiff's alleged transaction on November 15, 2006.  In light of this failure, Plaintiff's Complaint cannot stand as to First Priority.

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Complaint as alleged against First Priority and David Soldati (Docket No. 36) is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: January 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE